## Rebecca Davis vs. Inhabitants of Leominster.

The obligation of a town to make roads safe and convenient for travellers continues where such roads are crossed by railroads at grade, except so far as the necessary use of the crossing by the railroad may prevent it, and subject to such specific directions as may be given by the county commissioners.

Tort for an injury sustained by reason of a defective highway. At the trial in this court, before *Hoar, J.*, it appeared that the portion of the highway in which the defect was alleged to exist was within the location of the Fitchburg and Worcester Railroad, which had been located and built across said highway. It also appeared that the railroad corporation petitioned the county commissioners of Worcester county for authority to

cross the highway on a level, and that the commissioners, after a hearing, adjudged that the crossing should be upon a level, and also prescribed the manner in which it should be made. It also appeared that certain sleepers, which the plaintiff alleged caused the defect in the highway, were put there by the servants of the railroad corporation. The defendants claimed that they were not liable for any defect occasioned by the act of the railroad corporation, within that part of the highway which was covered by the location of the railroad corporation. But the court ruled otherwise, and a verdict was returned for the plaintiff. The defendants alleged exceptions.

*J. G. Abbott &. J. W. Fletcher,* for the defendants.

*B. F. Butler,* for the plaintiff.

HOAR, J. By the general provisions of the statutes, towns are required to keep the highways within their limits safe and convenient for travellers, where other sufficient provision is not made therefor. Rev. Sts. *c.* 25, § 1.

By the *St.* of 1846, *c.* 271, it is provided that every railroad thereafter constructed across any highway shall be so constructed as to pass over or under the same ; unless the county commissioners, after notice and hearing of parties interested, shall authorize and require its construction upon a level with the highway. The railroad corporation is also required to build and maintain in good repair such bridges, with suitable and convenient approaches thereto, as may be required to accommodate the travel upon the highway over such crossing ; and when the railroad is authorized to cross on the same level, it is to be constructed by the railroad corporation in such manner as the county commissioners may direct.

Under this statute, it was held that towns were not liable for a defect in a bridge by which a railroad, constructed after the passage of the statute, was crossed by the highway. *Sawyer* v. *Northfield,* 7 Cush. 490. This exemption was placed upon the ground that the liability of towns to keep highways in repair was a qualified, and not an absolute, liability, and did not arise in cases where other sufficient provision was made by law for the maintenance of the way.

In the present case, the railroad was constructed subsequent to the passage of the *St.* of 1849, *c.* 222; and therefore the provisions both of that statute and of the statute of 1846 are applicable. By the *St.* of 1849, § 4, "the original jurisdiction of all questions touching obstructions to turnpikes, town ways, or highways, caused by the construction or operation of rail-roads," is vested in the county commissioners of the respective counties. The county commissioners had determined the mode in which the railroad should cross the highway on a level there-with; and the road had been built in conformity with their order, and with such precautions for the safety of the public as they had prescribed. The obstruction which caused the injury complained of was a pile of railroad sleepers deposited by the servants of the railroad corporation, and projecting into the trav-elled part of the highway at the crossing.

Under these circumstances, the question as to the liability of the defendants is certainly not free from difficulty; but upon full consideration we are of opinion that they were liable, and that the instruction of the presiding judge at the trial was right. There is no express provision of law that railroad corporations shall keep and maintain the way for ordinary travel, where the highway and the railroad cross each other on a level. And we think the general liability of a town to keep the way safe and convenient cannot be limited by implication, except to the ex-tent to which the construction and operation of the railroad deprives the town of the power to discharge the duty imposed upon it by law. In *Jones* v. *Waltham*, 4 Cush. 299, it was held that if the town had made the crossing safe and convenient, except so far as the construction and operation of the railroad rendered it impracticable to do so without interfering with the railroad, the town was not liable. In *Vinal* v. *Dorchester* 7 Gray, 421, a similar rule was applied to the case where the road was suitably constructed, and the injury was occasioned by the running of cars which the railroad company had no au-thority to run across the highway upon a level therewith.

The statute of 1849 we think has reference only to the mode of construction of the railroad and the highway at the crossing,

the manner of using it by the railroad company in laying their tracks and operating their road, and the permanent safeguards to be provided and maintained for the protection of the public. But beyond these regulations and requirements, which are to be made by the county commissioners, we do not think it has any application to the ordinary repairs of the highway, or to the duty of keeping it free from obstructions not caused by the construction or operation of the railroad. And the true practical rule must be taken to be, as well since the statute of 1849 as before, that if there is an obstruction to the travel on the highway at the crossing, which the town could remove or remedy without interfering with the authorized construction or operation of the railroad, it is liable for any injury to a traveller occasioned by it. But, as was suggested in *Jones* v. *Waltham*, when a town has no power or right to interfere, it is not answerable for the consequences of the defect in the way.

As the jury have found that the pile of sleepers was an obstruction in the highway, which we think the railroad company had no more authority, or color or pretence of right, to put there than any other person or corporation would have had, and which the town had the right, and which it was their duty, to remove from the part of the highway appropriated for travel, there must be　　　　　　　*Judgment for the plaintiff on the verdict.*